2009 VT 8

### Douglas SAVAGE v. Robert R. WALKER, Jr., et al.

[969 A.2d 121]

No. 08-016

¶ 1. January 15, 2009. Plaintiff Douglas Savage appeals from the trial court's order granting summary judgment to defendants and dismissing his complaint. He argues that the court erred in concluding that the Statute of Frauds prevented him from introducing evidence of an alleged oral understanding with defendant Jane Walker concerning real property. We reverse and remand for additional proceedings.

¶ 2. The record indicates the following. In March 2005, plaintiff conveyed a parcel of real property to his then-girlfriend, Jane Walker, via a quitclaim deed. The deed stated that the conveyance was made in consideration of "one dollar and other valuable consideration," and that plaintiff would have and claim no right in or to the quitclaimed premises. The deed was recorded. The parties subsequently ended their relationship, and in September 2006 Ms. Walker conveyed the property to her son, Robert Walker, Jr. In May 2007, plaintiff sued Mr. Walker, asking the court to order Mr. Walker to convey the property to him and cancel the prior conveyance from mother to son.

Plaintiff asserted that "it was clearly understood" between himself and Ms. Walker at the time of the initial conveyance that she would reconvey the property to him upon his request, and that Mr. Walker therefore held the property as a constructive trustee. Plaintiff maintained that by refusing to convey him the property, Mr. Walker had been unjustly enriched. In August 2007, plaintiff filed an amended complaint, adding Ms. Walker as a defendant and asserting that she violated a duty imposed on her as a constructive trustee by conveying the property to her son.

¶ 3. Mr. Walker moved for summary judgment, arguing that the Statute of Frauds prohibited plaintiff from asserting that he had an oral agreement with Ms. Walker as to the future disposition of the property. Plaintiff opposed the motion, arguing that the court was required to weigh the evidence of his intent at the time of the conveyance. In a December 2007 order, the court granted Mr. Walker's request for summary judgment. The court agreed that the Statute of Frauds, 12 V.S.A. § 181(5), required plaintiff to produce written evidence of his alleged agreement with Ms. Walker. Plaintiff failed to do so, and he failed to demonstrate any facts that would bring his claim within the equitable exception to the Statute of Frauds. The court thus concluded that plaintiff could not introduce evidence that he had an oral agreement with Ms. Walker regarding the disposition of the property. The court also rejected plaintiff's assertion that he lacked "donative intent" at the time that he conveyed the property to Ms. Walker. The court subsequently entered a final order dismissing plaintiff's complaint, and this appeal followed.

¶ 4. On appeal, plaintiff asserts that the court misconstrued this case as one involving a contract for the sale of land, rather than one seeking the "creation and enforcement" of a constructive trust.

Given that this case involves the latter, plaintiff argues, the court erred in concluding that the Statute of Frauds barred evidence of his alleged oral agreement with Ms. Walker. Plaintiff also reiterates his assertion that there is a genuine dispute of fact regarding his donative intent because Ms. Walker "clearly understood" at the time of conveyance that she was to convey the property to him upon his request.

¶ 5. We review a grant of summary judgment using the same standard as the trial court. *Richart v. Jackson*, 171 Vt. 94, 97, 758 A.2d 319, 321 (2000). Summary judgment is appropriate when, taking all allegations made by the nonmoving party as true, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.*; V.R.C.P. 56(c). "In determining whether any genuine issue of material fact exists, we give the nonmoving party the benefit of all reasonable doubts and inferences." *Brousseau v. Brousseau*, 2007 VT 77, ¶ 5, 182 Vt. 533, 927 A.2d 773 (mem.). Because the trial court improperly applied the Statute of Frauds in reaching its decision, we reverse and remand for additional proceedings.

¶ 6. Certainly, plaintiff's complaint was not a model of clarity. As noted above, plaintiff based his claim on an alleged "understanding" between himself and Ms. Walker at the time of the initial conveyance. He argued that Ms. Walker violated her duty as a "constructive trustee" by conveying the property to her son, and that her son violated his duty as a constructive trustee by refusing to convey the property to plaintiff. Plaintiff asserted that Mr. Walker was unjustly enriched by the conveyance, although he made no such claim as to Ms. Walker. It is not clear if plaintiff was seeking to enforce the terms of an alleged oral agreement with Ms. Walker concerning the property and retroactively "cancel" the quitclaim deed based on this alleged

agreement, or whether he was asking the court to impose the equitable remedy of a constructive trust. Given plaintiff's confused allegations, it is understandable why the trial court and defendants relied on the Statute of Frauds.

¶ 7. Vermont law plainly prohibits plaintiff from enforcing the terms of his alleged oral "understanding" with Ms. Walker concerning this property or "cancelling" the written deed based on this alleged agreement. See 27 V.S.A. § 303 ("A trust concerning lands, excepting such as may arise or result by implication of law, shall not be created or declared, unless by an instrument in writing signed by the party creating or declaring the same, or by his attorney."). Plaintiff is correct, however, that the absence of a writing is not fatal to trusts implied by law, which include constructive trusts.

¶ 8. Plaintiff appears to have confused express trusts with constructive trusts. "An express trust arises because the parties intended to create it. A constructive trust is not based upon the intention of the parties but is imposed in order to prevent one of them from being unjustly enriched at the expense of the other." 5 A. Scott, Scott on Trusts § 462.1, at 311 (4th ed. 1989). In other words, a constructive trust is an equitable remedy. See *Legault v. Legault*, 142 Vt. 525, 529, 459 A.2d 980, 983 (1983) (discussing nature of constructive trusts, and explaining that "[i]t is a familiar principle of equity that a trust is implied whenever the circumstances are such, that the person taking the legal estate, whether by fraud or otherwise, cannot enjoy the beneficial interest without violating the rules of honesty and fair dealing." (citation omitted)); see also Restatement (Third) of Trusts § 7 cmt. d (2003) ("A constructive trust is imposed not because of the legally inferred intention of the parties but because the court concludes that the person holding the title to the property, if permitted to keep it, would profit by a wrong or would be

unjustly enriched."). In evaluating unjust-enrichment claims, courts consider "whether, in light of the totality of circumstances, it is against equity and good conscience to allow defendant to retain what is sought to be recovered." *Legault*, 142 Vt. at 531, 459 A.2d at 984 (citation omitted). This involves "a realistic determination based on a broad view of the human setting involved," rather than "a limited inquiry confined to an isolated transaction." *Id.* (quotation omitted).

¶ 9. Resolution of this case is complicated by plaintiff's confusing complaint and brief. Plaintiff alleges only that it was "clearly understood" at the time of the conveyance that Ms. Walker would return the property to him upon his request. He offers no explanation as to what this means. Giving plaintiff the benefit of the doubt, he is correct that the letter of the Statute of Frauds does not prevent him from presenting evidence of an alleged oral agreement in land — not to enforce the terms of the alleged agreement — but to support his assertion that defendants were unjustly enriched and that he is entitled to the imposition of a constructive trust. See 5 Scott, *supra*, § 482, at 406 (taking position that although oral agreement to reconvey property cannot be shown for purpose of enforcing it, it would seem that it should be provable for purpose of restoring parties to the condition in which they were before the conveyance was made). There are certain circumstances under which courts have imposed constructive trusts where an oral trust agreement exists, and while it is not apparent from the record that any of these circumstances are necessarily present here, plaintiff should be provided the opportunity to present his evidence. See generally Restatement (First) of Restitution § 182, at 730-37 (1937) (discussing circumstances under which constructive trust might be imposed where land is transferred upon an oral undertaking to reconvey to the transferor); see also 1

Scott, *supra*, §§ 43-45, at 434-47 (same); 5 Scott, *supra*, § 485, at 409 (same); G. Bogert, Trusts & Trustees §§ 495-498, at 418-87 (rev. 2d ed. 1978) (same). The trial court can then consider the "totality of the circumstances" and determine if plaintiff is entitled to equitable relief. *Legault*, 142 Vt. at 531, 459 A.2d at 984. We therefore reverse the court's summary judgment ruling and remand for further proceedings.

¶ 10. We must note, however, that plaintiff's attorney repeatedly stated at oral argument that plaintiff transferred the property to Ms. Walker to avoid his creditors. It is well-established that one who seeks relief in equity must come to the court with clean hands, and a party who transfers property to avoid his creditors — as plaintiff alleged that he did here — would not appear to meet this requirement. See Bogert, *supra*, § 472, at 52-53; *Samuelson v. Ingraham*, 77 Cal. Rptr. 750, 752 (Ct. App. 1969) (where plaintiff wrongfully transferred property under oral trust for sole purpose of defeating claims of creditors, he was barred by clean hands doctrine from seeking equitable remedy of constructive trust).

*Reversed and remanded.*