*Chandler v. State*, No. 114-3-11 Wmcv (Teachout, J., September 5, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                  CIVIL DIVISION
**Windham Unit**                                    **Docket No. 114-3-11 Wmcv**

**CHARLES CHANDLER,**
**Petitioner**

**v.**

**STATE OF VERMONT,**
**Respondent**


### PETITIONER'S MOTION FOR SUMMARY JUDGMENT
### and
### RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this post-conviction relief case, Petitioner Charles Chandler seeks to vacate a criminal conviction on the grounds that the lawyer who represented him provided ineffective assistance of counsel. The matter is now before the court on Petitioner's Motion for Summary Judgment, filed April 15, 2013, and the State of Vermont's Motion for Summary Judgment, filed June 5, 2013.


### FACTS

On March 30, 2006, Petitioner was burning brush on his property in Newfane, Vermont. When firefighters from the NewBrook Fire Department arrived to investigate the fire, Petitioner refused to allow them onto his property. Petitioner was subsequently charged with impeding public officers in violation of 13 V.S.A. § 3001.

Petitioner eventually went to trial on this charge with Matthew Branchaud as his counsel. At trial, Petitioner argued that the fire on his property was for barbecuing, he was not required to have a permit to barbecue, and, therefore, the firefighters had no authority to enter his property. On November 20, 2009, a jury convicted Petitioner of violating 13 V.S.A. § 3001.

On January 10, 2010, Petitioner filed a petition requesting Post-Conviction Relief or, in the alternative, Extraordinary Relief. This petition was ultimately denied. On March 30, 2010, Petitioner was sentenced to 29-30 days to serve in jail. The Vermont Supreme Court stayed the sentence pending appeal on April 12, 2010, but Petitioner's conviction was affirmed on January 27, 2011. On March 9, 2011, Petitioner was ordered to report to the Southern Vermont Correctional Center to complete his sentence.

On March 14, 2011, Petitioner filed the petition in this case. His claim is that his counsel was ineffective because: he was biased against Petitioner, he failed to obtain exculpatory evidence, and, during trial, he failed to object appropriately.

The Superior Court dismissed the petition for lack of jurisdiction because Petitioner had completed serving his sentence, but the Vermont Supreme Court reversed the ruling and remanded the case, finding that the Court did have jurisdiction because Petitioner was in custody at the time he filed the petition.

On April 15, 2013, Petitioner moved for summary judgment on the merits of the case, seeking to have his November 20, 2009 conviction vacated based on ineffective assistance of counsel. The State responded on April 19, 2013, countering that significant disputes regarding material facts still existed and claiming that Petitioner could not prove that his counsel was ineffective without expert testimony.

On June 5, 2013, the State filed its own motion for summary judgment, asserting that Petitioner had failed to make timely disclosure of an expert witness to support his claim with expert opinion testimony, and that without an expert, he could not succeed on his ineffective assistance of counsel claim. Petitioner objected on June 12, 2013, claiming that Respondent's motion was unsupported by the evidence and prior proceedings in this matter.

## ANALYSIS

To prevail on a motion for summary judgment, a movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). In ruling on a motion for summary judgment, the court will take "all allegations made by the nonmoving party as true." *Richart v. Jackson*, 171 Vt. 94, 97 (2000). Here, both parties have moved for summary judgment, and each motion will be addressed separately. *See DeBartolo v. Underwriters at Lloyd's of London*, 2007 VT 31, ¶ 8, 181 Vt. 609 ("If both parties seek summary judgment, each must be given the benefit of all reasonable doubts and inferences when the opposing party's motion is being evaluated.").

*Petitioner's Motion for Summary Judgment*

Petitioner asserts that his counsel, Mr. Branchaud, was ineffective because of bias against Petitioner and repeated performance failures before and during trial. The test for determining whether counsel was ineffective has two prongs. "The first prong… is an inquiry into the reasonable competence [of the lawyer] as measured by the prevailing standards in the conduct of the Respondent's case" and "[t]he second prong… evaluates whether, if counsel's performance did fall below the objective standard, such failure created a reasonable probability that effective counsel would have produced a different outcome." *In re Russo*, 2010 VT 16, ¶ 16, 187 Vt. 367 (internal quotations omitted).

2

In his original petition Mr. Chandler identified several facts to support his ineffective assistance of counsel claim, including:

1) Counsel's voicemail left on Petitioner's answering machine, suggesting that the attorney was biased against Petitioner,
2) Counsel's failure to object to the Information charging Petitioner with impeding public officers,
3) Counsel's failure to obtain certain exculpatory evidence from a prior lawyer for Petitioner, and
4) Counsel's failure to object to jury instructions and closing arguments during trial.[1]

On a motion for summary judgment, Petitioner "has the burden of proving… that no disputed issues of material fact exist." *Fitzgerald v. Congleton*, 155 Vt. 283, 294 (1990) (emphasis added). He cannot obtain summary judgment merely by making allegations because it is the nonmoving party's, in this case Respondent's, allegations that are taken as true. *See Savage v. Walker*, 2009 VT 8, ¶ 5, 185 Vt. 603. In this case, Respondent has challenged Petitioner's characterization of his counsel's performance, thus creating a disputed issue of material fact that precludes summary judgment for Petitioner. *O'Brien v. Synnott*, 2013 VT 33, ¶ 9, 72 A.3d 331. Accordingly, Petitioner's motion for summary judgment must be denied.

*Respondent's Motion for Summary Judgment*

The State claims that Petitioner cannot maintain his ineffective assistance of counsel claim because he has failed to disclose an expert whose testimony would be necessary for Petitioner to succeed on this claim. This calls for a review of the four factual bases on which Petitioner grounds his claim.

Generally, in a post-conviction relief proceeding, a petitioner can only prove that his attorney's performance was ineffective because it "fell below the standard of effectiveness of reasonably competent counsel" through an expert witness. *In re K.F.*, 2013 VT 39, ¶ 34, 72 A.3d 908. However, "in rare situations… ineffective assistance of counsel [can] be presumed without expert testimony." *In re Grega*, 2003 VT 77, ¶ 16, 175 Vt. 631. For example, where a party's attorney is asleep during trial, a lay factfinder could determine such behavior amounted to ineffective assistance of counsel without hearing from an expert. *See Tippins v. Walker*, 77 F.3d 682, 689-90 (2d Cir. 1996).

Mr. Chandler's assertion that his counsel was biased against him as shown by the voicemail does not require expert testimony. *See Coll v. Johnson*, 161 Vt. 163, 165 (1993) ("Expert testimony is not generally required where the alleged violation of the standard of care is so apparent that it may be understood by a lay trier of fact without the

---

[1] The facts identified in Petitioner's initial March 14, 2011 Petition are the only allegations relevant in this matter. Additional facts regarding Petitioner's counsel's ineffectiveness that were first raised in Petitioner's Motion for Summary Judgment cannot be considered because they were not identified in the petition as bases for the claim and as a result, the State had no notice of them.

aid of an expert."). Here, Petitioner has alleged that his counsel was biased against him based on various statements made by Petitioner's counsel in a voicemail message. A layperson can understand whether Petitioner's counsel was biased against Petitioner without expert testimony. Nothing about determining bias based on the statements of Petitioner's counsel requires "scientific, technical, or other specialized knowledge." V.R.E. 702.

However, bias alone is insufficient to show ineffective assistance of counsel. An attorney need not like a client. It is possible that a petitioner can show that bias against a client was related to a substandard performance as counsel, but to prove an ineffective assistance of counsel claim, a petitioner still must prove the two elements described above. Specifically, a petitioner "must demonstrate first that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms and second, that counsel's deficient performance prejudiced the defense." *In re LaBounty,* 2005 VT 6, ¶ 7 (mem.) (quotation omitted). Prejudice exists where "counsel's errors were so serious as to deprive the defendant of a fair trial. . . . In other words, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quotations, alternation and citation omitted).

The question therefore is whether Petitioner needs expert testimony to succeed on his claim that his lawyer was ineffective based on the conduct described in paragraphs 2, 3, and 4 above. Petitioner did not designate any experts by the deadline of May 15, 2013 as required by the Revised Scheduling Order of April 9, 2013. Accordingly, he cannot use expert testimony to support his claim. Therefore the question is whether his claim can survive without expert testimony.

The Court will schedule oral argument to give each party the opportunity to present their arguments on this narrow issue.

<u>ORDER</u>

Petitioner's Motion for Summary Judgment is hereby *denied*.

Respondent's Motion for Summary Judgment will be scheduled for oral argument on the issue described above. Each side will have a total of 20 minutes at the oral argument.

Dated this 5th day of September, 2014.

_____
Honorable Mary Miles Teachout
Superior Court Judge

4