Filed 09/20/24

VERMONT SUPERIOR COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 242-11-19 Ancv

| Siclari et al vs. Siclari |
| --- |

## DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This property dispute includes claims of breach of express trust, breach of resulting trust, breach of constructive trust, unjust enrichment, wrongful possession of property, trespass to chattel, and negligence for damage to personal property. Defendant Stephanie Siclari moves for summary judgment on all claims except those related to personal property. Plaintiffs Donald Siclari and Fudosan Kongo-Ji Temple, Inc. ("the Temple") cross-move for summary judgment on the constructive trust claim.

Facts

The following facts are undisputed unless otherwise noted. Defendant purchased the property located at 149 Purinton Road, Lincoln, Vermont ("the property") on August 17, 2012. She financed the purchase through a HUD loan from Union Bank. The property was purchased in Defendant's name because she could get a more favorable interest rate than if Plaintiff Donald Siclari had purchased it, and because she could get a better interest rate than the Temple, which did not yet have 501(c)(3) status.

At the time of the property purchase in 2012, the Temple was incorporated, but it had not yet filed for 501(c)(3) status, and did not obtain such status until 2015. Plaintiffs assert, and Defendant denies, that Defendant was involved with the Temple as a voting member.

Donald Siclari signed two "gift letters" shortly before the property purchase in August 2012. The letters refer to gift payments of $20,000 and $80,000 to be applied to the

Order
242-11-19 Ancv Siclari et al vs. Siclari

Page **1** of 6

purchase of the property. The letters refer to Donald Siclari as the "donor" and provide the following in pertinent part:

> (3) No repayment of the gift is expected or implied in the form of cash or by future services of the recipient.
>
> (4) The funds given to the homebuyer were not made available to the donor from any person or entity with an interest in the sale of that property including the seller, real estate agent or broker, builder, loan officer, or any entity associated with them.

Exh. 8. The letters also contain the following warning: "Our signatures above indicate that we fully understand that it is a Federal Crime punishable by fine, imprisonment, or both to knowingly make any false statement concerning any of the above facts as applicable under the provision of Title 18, United States Code, Section 1012 and 1014." *Id.*

Although Donald Siclari alleges that he and Defendant agreed that Stephanie was to transfer the property to the Temple after the purchase, there is no signed, written agreement between Plaintiffs and Defendant for the transfer of the property to Plaintiffs. The transfer did not take place because, among other reasons, the Temple had not yet applied to be a 501(c)(3) entity. Plaintiffs allege that the property was to be transferred when the Temple was in a position to hold the property and Donald Siclari was ready to make the transfer. In 2015 when the Temple attained 501(c)(3) status, Plaintiffs did not take steps toward the transfer.

Donald Siclari, a priest and president of the Temple, donated money to the Temple, resulting in lower personal taxes for himself. From the time of the purchase of the property until October 2020, money that Defendant paid toward property expenditures such as the mortgage and taxes was reimbursed to her from the Temple's account. Plaintiffs had full, unlimited use of the property until July 2020, although there was no oral or written property rental agreement between Plaintiffs and Defendant.

The Temple paid for renovations to the property, including kitchen and bath upgrades, religious features, a studio/shed, and landscaping. There was no agreement

between Plaintiffs and Defendant for Defendant to reimburse the Temple for renovations to the property.  The parties dispute the amount the Temple paid for the renovations as well as whether the improvements resulted in an increase in value.

Discussion

To succeed on a motion for summary judgment, the moving party must demonstrate that there is no genuine dispute regarding any material fact and that it is entitled to judgment as a matter of law.  V.R.C.P. 56(a).  "When both parties move for summary judgment, each is entitled to the benefit of all reasonable doubts and inferences when the opposing party's motion is being judged."  *In re Beliveau NOV*, 2013 VT 41, ¶ 7, 194 Vt. 1 (quoting *City of Burlington v. Fairpoint Commc'ns, Inc.,* 2009 VT 59, ¶ 5, 186 Vt. 332). The parties agree that no material facts are in dispute.

Defendant first argues that based on the undisputed facts, there is no resulting trust creating Plaintiffs' alleged legal interest in the property.  It is a principle of equity that when one person purchases real property with his own money and takes the deed in the name of another, "a trust results, by operation of law, to the person paying the consideration." *Gregoire v. Gregoire*, 2009 VT 87, ¶ 15, 186 Vt. 322 (quoting *Pinney v. Fellows*, 15 Vt. 525, 538 (1843)).  The elements of a resulting trust are "the payment of consideration and the parties' intent at the time of the conveyance."  *Tokarski v. Gates*, 138 Vt. 220, 222.  It is undisputed that the consideration in question came from Donald Siclari, who also signed documentation indicating that the money was a gift with no expected repayment.  The purpose of the gift letter was to make a representation to the lender that Defendant would not owe any repayment of the gift.  Defendant argues that the unlawful use of the gift letters to induce the HUD loan (with favorable terms for Defendant as borrower), see 18 U.S.C. § 1012, precludes relief in equity for Donald Siclari.  See *Shattuck v. Peck*, 2013 VT 1, ¶ 14, 193 Vt. 123 ("[O]ne who seeks relief in equity must come to the court with clean hands.") (quoting *Savage v. Walker,* 2009 VT 8, ¶ 10, 185 Vt. 603 (mem.)). "The same principle applies when the object of the conveyance is not to defraud a private creditor but

to mislead the government." *Id.* (citing *In re Estate of Bruner,* 338 F.3d 1172, 1177 (10th Cir.2003)) ("Under the maxim, [h]e who comes into equity must come with clean hands, a court ... will not lend its aid ... to one who has been a participant in a transaction the purpose of which was to defraud a third person, to defraud creditors, or to defraud the government.").

However, regardless of whether Donald Siclari acted with unclean hands when he executed the gift letters, and even if the Court credited Plaintiffs' assertion that the parties' plan was always that Defendant would transfer the property to the Temple, there is no disputed or undisputed fact that supports a conclusion that the parties' intent at the time of purchase was for Donald Siclari to benefit from a resulting trust. There are also no undisputed or disputed facts that the Temple paid the consideration. Therefore, as a matter of law, Defendant is entitled to summary judgment on the resulting trust claim.

Constructive trust is also an equitable remedy:

> A court may impose a constructive trust when a party obtains some benefit that they cannot, in good conscience, retain. "It is a familiar principle of equity that a trust is implied whenever the circumstances are such, that the person taking the legal estate, whether by fraud or otherwise, cannot enjoy the beneficial interest without violating the rules of honesty and fair dealing." *Legault* [*v. Legault*], 142 Vt. [525,] 529 . . . [(1983)] (quotations and citations omitted). Courts may employ constructive trusts to avoid unconscionable results and to prevent unjust enrichment. *Preston v. Chabot,* 138 Vt. 170, 174–75 . . . (1980).

*Weed v. Weed*, 2008 VT 121, ¶ 17, 185 Vt. 83. Here, again, Defendant argues that Donald Siclari acted with unclean hands and is therefore not eligible to seek relief in equity. Plaintiffs contend that the Court must examine all the facts in detail to make a determination about the circumstances related to unclean hands. However, Plaintiffs do not lay out sufficient factual assertions to show that Donald Siclari's unclean hands remain a disputed issue. It is undisputed that he executed the gift letters that attest that he expected no repayment or service on the recipient's part, yet he expected Defendant to turn the property over to the Temple. Either the gift letters represent a genuine intention

that Defendant never repay the amount given to her, in which case she does not hold the property in constructive trust for Donald Siclari's benefit, or the gift letters are fraudulent, in which case Donald Siclari is also not entitled to benefit from a constructive trust. The Court therefore grants Defendant's motion for summary judgment on the constructive trust claim with regard to Donald Siclari.

Notwithstanding Donald Siclari's conduct in executing gift letters that represented that he expected no repayment for the gifts that he gave to Defendant, when in fact he expected her to transfer the property to the Temple, the undisputed facts do not at this time support the conclusion that the Temple itself acted with unclean hands. The undisputed facts do not support the conclusion that the gift letters, the basis of the finding of unclean hands, apply to or originated from the Temple and not merely from Donald Siclari personally. The undisputed facts also do not show that Defendant made mortgage or other payments toward the property, prior to barring the Temple from use of the property, that the Temple did not reimburse to her. When considering Defendant's motion for summary judgment on the constructive trust claim as it relates to the Temple, and making all reasonable inferences for the nonmoving party, the Court could infer that Defendant was aware at the time of purchase that she was expected to turn the property over to the Temple, and while she made payments related to the property, the Temple's reimbursement of those payments was based on the unwritten agreement that she purportedly had made with the Temple, that the property was not truly hers, but rather, was for the Temple's use and eventual ownership. Based on those inferences, it is possible that at trial, the Temple would be able to prove that it would not be equitable for Defendant to retain the property outright, without some unjust enrichment.

Along related lines, the elements of unjust enrichment are "(1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value." *Reed v. Zurn*, 2010 VT 14, ¶ 11, 187 Vt. 613 (quoting *Center v. Mad River Corp.,* 151 Vt. 408, 412 (1989). Here, a "gift" of $100,000 toward the

downpayment on a property was given to Defendant. Then, as Defendant made mortgage and other payments related to the property, the Temple reimbursed her. There are no undisputed facts that would indicate that Defendant made any unreimbursed payments related to the property before the date when she excluded Plaintiffs from the property. Whether or not the Temple's asserted hundreds of thousands of dollars spent on renovations increased the property value, and even if the $100,000 is deemed solely a gift, as represented by the documents that Donald Siclari signed, then a finder of fact could still reasonably conclude that it would be inequitable—a windfall—for Defendant to retain the property at no other cost to her, since the Temple reimbursed her for all expenses. For this reason, the claim of unjust enrichment cannot be decided in Defendant's favor based on the undisputed facts at this juncture. For related reasons, it also remains in dispute whether it would be equitable for the Court to impose a constructive trust to the Temple's benefit.

## Order

For the reasons stated above, the Court grants Defendant's motion for summary judgment with regard to Donald Siclari's claims for resulting trust, constructive trust, and unjust enrichment, and the Temple's claim for resulting trust. The Court denies Defendant's motion for summary judgment with regard to the Temple's claims for constructive trust and unjust enrichment. The Court denies Plaintiffs' motion for summary judgment.

**Signed Electronically on September 18, 2024 pursuant to V.R.E.F. 9(d).**

_____

**David Barra**
**Superior Court Judge**