Filed 05/07/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-00558

---

Sean Alberti v. Reconciled It, Inc.

---

## OMNIBUS RULING ON POST-TRIAL SUBMISSIONS

This case was tried to a jury on March 17–18, 2025. Before the trial, the parties had agreed that the existence, terms, and construction of the contract on which Plaintiff's claims rested had been established on summary judgment. They agreed that the question of remedies, whether at law or in equity, was one for the court; they agreed further that the question of damages was a mathematical calculation that could be performed, if at all, after the jury verdict, on stipulated evidence. Thus, by agreement all around, all that remained for trial before the jury was Plaintiff's proof of breach and Defendant's proof of its legal defenses of mutual mistake and waiver.

At the conclusion of the evidence, the parties agreed that Plaintiff had proven breach; thus, the only questions for the jury were whether Defendant had proven mutual mistake or waiver. The jury concluded that neither had been proven. Accordingly, the court scheduled a trial to the court on Defendant's remaining defense of "unclean hands."

Before that trial was held, however, Plaintiff filed what he styled a "Motion for Findings of Fact Regarding Unclean Hands." In response, the court suspended the hearing, "to allow for complete briefing on the applicability of this defense to a claim that arises exclusively in contract." Defendant's submission on this question, frankly, completely missed the mark. Instead of answering the question posed by the court—whether the equitable defense of unclean hands could apply to a contract claim— Defendant instead argued that it was "entitled to an opportunity to prove [Plaintiff's] breach of the covenant of good faith and fair dealing." Opp'n to Plaintiff's Motion for Findings of Fact Regarding Unclean Hands, 8. Defendant made no effort to show how this proof was relevant to any equitable defense—much less how any defense in equity could properly be interposed to a claim arising exclusively in contract.

Omnibus Ruling on Post-Trial Submissions
of **4**
23-CV-00558 Sean Alberti v. Reconciled It, Inc.

Page **1**

In its Opposition, Defendant correctly notes that the court precluded it from cross-examining Plaintiff on the duty of good faith and fair dealing. Defendant conveniently omits, however, that when asked to what part of the case the covenant of good faith and fair dealing was relevant, Defendant's counsel acknowledged that it was relevant only to the equitable defense of unclean hands. The court then ruled that the evidence was properly excluded under V.R.E. 403, as relevant, if at all, only to a question to be decided later by the court. To the extent that Defendant now suggests that its waiver defense "was, and is, in part dependent on the duty imposed by the covenant of good faith and fair dealing," Opp'n at 1, that argument was clearly waived.

Whether, as Defendant suggests, any breach of the covenant of good faith and fair dealing is relevant to the equitable defense of unclean hands is a question that the court need not answer. Here, having been clearly challenged by both Plaintiff and the court to demonstrate the applicability of the defense to a claim sounding exclusively in contract, Defendant made no effort. The court therefore deems Defendant to have waived any such argument. Moreover, the court's own research reveals no cases in which the Vermont Supreme Court has allowed the assertion of unclean hands as a defense to an action at law. Rather, the applicability of this defense is based on the maxim, "one who seeks relief in equity must come to the court with clean hands." *Savage v. Walker*, 2009 VT 8, ¶ 10, 185 Vt. 603. Plaintiff did not seek relief in equity; therefore, his equitable hygiene is irrelevant. *Cf. Levin v. Grundstein*, No. 2008-417, 2009 WL 2427820 (Vt. 2009) (unpub. mem.) (defense of unclean hands not applicable in partition action, as not an action in equity); *see also, e.g., Weiss v. Smulders*, 313 Conn. 227, 265 n.18 (2014) ("[T]he equitable defense of unclean hands bars only equitable relief."); *Aaron v. Mahl*, 381 S.C. 585, 594 (2009) ("The equitable doctrine of unclean hands . . . has no application to an action at law.'); *Holmes v. Henderson*, 274 Ga. 8, 8–9 (2001) ("The equitable doctrine of unclean hands . . . has no application to an action at law."); *RIV VIL, Inc. v. Tucker,* 979 F. Supp. 645, (N.D. Ill. 1997) ("The unclean hands defense is not available in an action at law.").

This conclusion disposes of Plaintiff's motion for findings (Motion 20); none are necessary, nor is any further hearing. It also disposes of his motion for clarification and ruling on the defense of bad faith (Motion 22); Defendant waived any such defense when, during trial, its counsel conceded that evidence of bad faith was relevant only to the equitable defense of unclean hands. The court notes in this regard also that Defendant failed to submit any requests to charge on the topic of bad faith, or to note any exception when the court's charge omitted any discussion of bad faith. The conclusion of waiver could not be clearer.

This leaves only Plaintiff's request with respect to damages. As noted above, the determination of compensatory damages is a mechanical calculation. Exhibit 15, which the parties agreed could be admitted in evidence as the calculation of commissions to which Plaintiff was entitled after he was terminated without cause, reflects that calculation; it establishes that Plaintiff is entitled to recover the sum of $181,149.25. Each of the amounts reflected on Exhibit 15—the commissions payable under the contract for each of the months after Defendant terminated Plaintiff— was reasonably ascertainable at the end of the month for which Exhibit 15 calculates the commissions. Thus, Plaintiff is entitled as a matter of law to prejudgment interest on each of those amounts, from the end of each month to the present day. This yields a further award of $38,513.39.

The court notes that Plaintiff also seeks an award of double damages, plus prejudgment interest, pursuant to 21 V.S.A. § 347. On February 25, 2025, over a month after the jury had been draw and over two years after the filing of the complaint, Plaintiff filed a motion to amend the complaint to assert this claim. Without affording Defendant the time allowed by the rules to respond, the court granted the motion. *Sua sponte*, the court now reconsiders that decision.

As Plaintiff properly observed in his motion to amend, "[w]hen there is no prejudice to the objecting party, and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend the complaint]." *Bevins v. King*, 143 Vt. 252, 254–55 (1983). Here, however, the prejudice should have been obvious to the court. While the § 347 claim injected no new issues of fact or law, requiring only that if the jury returned a verdict for Plaintiff, the court would impose double damages, it dramatically altered Defendant's exposure—at a point in the case when Defendant had no meaningful way of mitigating that exposure, short of capitulation. And while the court cannot conclude that the late assertion of the claim was "a dilatory maneuver in bad faith," neither can it excuse the neglect of Plaintiff's counsel in failing to discover and assert the claim at the outset of the case. As noted above, the claim is fully redundant, except for the measure of damages, to the principal contract claim; there can have been no late discovery of new facts that suddenly supported a new legal theory. Rather, this is a claim that could and should have been known at the outset in the exercise of ordinary professional diligence. To allow it to be asserted on the eve of trial would be grossly unfair. Thus, while the doctrine of waiver may not bar Plaintiff's late assertion of the claim—waiver, after all, involves the intentional relinquishment of a known right—the doctrine of laches does inform the court's decision-making here. *See Stamato v. Quazzo*, 139 Vt. 155, 157 (1980) ("Laches is the failure to assert a right for an

unreasonable and unexplained period of time when the delay has been prejudicial to the adverse party, rendering it inequitable to enforce the right.").

The court, in allowing the amendment, thought to mitigate the prejudice to Defendant by deferring "to a later date any decision on the question whether Plaintiff waived all or part of any claim for statutory attorney's fees by waiting until the eve of trial to assert this claim." On reconsideration, the court now concludes that merely curtailing the right to recover attorney's fees is insufficient. Rather, the only way properly to mitigate the otherwise unfair prejudice that would inevitably flow from the late assertion of the statutory claim is to bar assertion of the claim altogether. Accordingly, the court vacates its earlier order allowing the amendment and now denies that request.

## <u>ORDER</u>

The court denies the Motion for Findings of Fact Regarding Unclean Hands (Motion 20). It also denies the Motion for Post-Trial Clarification (Motion 22). Finally, it vacates its March 10, 2025 order granting the Motion to Amend Complaint and now denies the motion (Motion 14). On his contract claim, Plaintiff is entitled to damages in the amount of $181,149.25 and prejudgment interest in the amount of $38,513.39. Plaintiff shall submit his verified bill of costs within 7 days of this Order; Defendant will have 7 days to object to that submission. The court will then enter judgment per Rule 58.

Electronically signed pursuant to V.R.E.F. 9(d): 5/6/2025 4:48 PM

_____
Samuel Hoar, Jr.
Superior Court Judge